UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MAROM,

                Plaintiff,

-against-

TOWN OF GREENBURGH, POLICE OFFICER
JOHN HERIGHTY, POLICE OFFICER KEIRA
KNOESEL,

                Defendants.

OPINION & ORDER

No. 13 Civ. 4733 (NSR)

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Michael "Micha" Marom proceeds in this action *pro se* on his remaining claims for false arrest and malicious prosecution brought pursuant to 42 U.S.C. § 1983 against the Town of Greenburgh (the "Town") and Police Officers John Herighty and Keira Knoesel (the "Officers" or "Officer Defendants"). Both sides seek summary judgment in their favor on these remaining claims, and Plaintiff argues alternatively that summary judgment is precluded by genuine issues of material fact. For the following reasons, Defendants' motion is GRANTED, and Plaintiff's motion is DENIED.

## BACKGROUND

    This Opinion assumes familiarity with the underlying claims and factual allegations in this matter, as well as this Court's prior opinion dismissing most of Plaintiff's claims except for his claims of false arrest and malicious prosecution asserted against Officer Herighty, Officer Knoesel, and the Town of Greenburgh. *See Marom v. Town of Greenburgh*, No. 13 Civ. 4733 (NSR), 2015 WL 783378, at *4, *5 (S.D.N.Y. Feb. 23, 2015). At that time, "[t]he Town and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/2017

[O]fficers Herighty and Knoesel d[id] not challenge the state action allegations against them" or "move to dismiss the false arrest claim based on concessions in the complaint regarding probable cause." *Id.* at *4 ("The Town d[id] not move to dismiss the false arrest claim at all"). Instead, the Officers focused specifically on the failings of Plaintiff's conspiracy allegations. *Id.* Thus, on the grounds for dismissal presented, the Court determined that the false arrest and malicious prosecution allegations "not sounding in conspiracy" could "proceed[] against Herighty, Knoesel, and the Town." *Id.* at *4-5.

The Officer Defendants have now moved for summary judgment on these remaining claims, arguing that sufficient probable cause existed to arrest Plaintiff on the basis of the facts available at that time, or alternatively that they are entitled to qualified immunity on the false arrest claim, and that the malicious prosecution claims cannot continue against the Officers because they did not initiate the action against Plaintiff. Plaintiff has cross-moved and argues that, at minimum, there are genuine issues of material fact which preclude summary judgment, largely focusing on surveillance footage capturing the incident. These motions were fully submitted as of June 10, 2016. (*See* ECF Nos. 149, 153.)

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence

[in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summ. order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Similarly, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010) (citing *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (such affidavits "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact")). But the mere fact that a non-movant's factual allegations in opposition are "self-serving" does not

automatically render them insufficient to defeat summary judgment. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998). Instead, summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," where "that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

## DISCUSSION

Having reviewed the parties' Rule 56.1 statements, accompanying exhibits and affidavits, and arguments set forth in their memorandums of law, the Court agrees with the Officer Defendants that neither of Plaintiff's remaining claims can survive summary judgment.

**I.    Malicious Prosecution**

"To establish a malicious prosecution claim, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.2d 149, 161 (2d Cir. 2010) (citations omitted). The second element is undisputed: Plaintiff prevailed at trial on the charge brought against him. The third element is discussed in greater detail below with regard to Plaintiff's false arrest claim. And, the Court need not consider the fourth element,[1] because ultimately Plaintiff's claim for malicious prosecution fails against *these* Defendants on the first (initiation) element.

---

[1] In any event, there has been no evidence presented of any malice on the part of the Officers.

"'Although there is a presumption that a prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding,' a plaintiff may overcome that presumption by demonstrating that 'the defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Espada v. Schneider*, 522 F. Supp. 2d 544, 553 (S.D.N.Y. 2007) (citations omitted). With regard to claims against police officers, "courts have found a triable issue of fact as to the initiation element where the defendant-officer brought formal charges and had the person arraigned, filled out complaining and corroborating affidavits, swore to and signed a felony complaint, or created false information and forwarded it to prosecutors." *Id.* (citing *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997), and *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 382-83 (S.D.N.Y. 2005)).

Here, Plaintiff has failed to demonstrate that the Officers played an active enough role to overcome the presumption. Indeed, Plaintiff's claim against the Officer Defendants cannot proceed on the basis of the undisputed facts: Deborah Salerno initiated the criminal action against Plaintiff, not Officers Herighty or Knoesel. Because the criminal information in this case was sworn to by Ms. Salerno, and the superseding violation was based on that sworn complaint, summary judgment in favor of the Officers must be granted on Plaintiff's malicious prosecution claim. *Compare Espada*, 522 F. Supp. 2d at 553 (with "no record evidence of any police officer other than [the officer that signed the statement against plaintiff] being involved in the prosecution of [the plaintiff] . . . summary judgment in favor of [the other named police officer]," involved in the arrest but not the prosecution, was granted), *with Wong v. Yoo*, 649 F. Supp. 2d 34, 65 (E.D.N.Y. 2009) ("not only did defendant [officer] sign the criminal complaint filed

against plaintiff, but material questions of fact also exist as to the accuracy and good faith of defendant [officer's] account of events leading up to plaintiff's arrest").

**II.     False Arrest**

"Under New York law, a false arrest claim requires a plaintiff to show that 'the defendant intentionally confined him without his consent and without justification.'" *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "'[T]he existence of probable cause' for an arrest 'is an absolute defense to a false arrest claim.'" *Id.* (quoting *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006)); *see also Dunaway v. New York*, 442 U.S. 200, 208 n.9 (1979).  As the Second Circuit has explained, however, "under some circumstances, a police officer's awareness of the facts supporting a [justification] defense can eliminate probable cause." *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003).  This is because under New York law, the defense of justification in the use of force to defend oneself or another "renders such conduct entirely lawful." *People v. McManus*, 67 N.Y.2d 541, 546 (1986); N.Y. Penal Law §§ 35.00, 35.10(6) ("A person may, pursuant to the ensuing provisions of this article, use physical force upon another person in self-defense") (McKinney 2017); *see also People v. Dankberg*, 91 A.D. 67, 70 (1st Dep't 1904) ("a person who is assaulted or interfered with by another, without provocation, has a right to use sufficient force to repel the attack, without being guilty of an assault").

The police arrested Plaintiff for assault in the third degree, which as applicable here requires both an intent to cause and a resulting physical injury to another person. N.Y. Penal Law § 120.00(1).  Physical injury is defined as "impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9).  "Petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives constitute only harassment and not assault, because they

do not inflict physical injury." *People v. Balan*, 890 N.Y.S.2d 244, 245 (App. Term 1st Dep't 2009) (quoting *People v. Chiddick*, 8 N.Y.3d 445, 448 (2007)) (internal quotations omitted); *see also Malte v. State*, 125 A.D.2d 958, 959 (4th Dep't 1986) ("Mere evidence of being struck and suffering a red mark or a black eye are insufficient for the crime of assault") (citing *Matter of Philip A.*, 49 N.Y.2d 198, 200 (1980)).  Correspondingly, the charges against Plaintiff were later reduced to harassment in the second degree, which in this context requires "intent to harass, annoy or alarm another person" by "strik[ing], shov[ing], kick[ing] or otherwise subject[ing] such other person to physical contact[.]"  N.Y. Penal Law § 240.26(1).

Plaintiff's claim for false arrest, while presenting a closer issue regarding the Officer Defendants' culpability, also ultimately fails.  Plaintiff undisputedly slapped Ms. Salerno.  The extent of her injury—redness and swelling to her face and complaining of extreme pain in her face and neck—could have eventually risen to the level of assault if it had resulted in an impairment.  The fact that the Officers invoked the higher charge when Plaintiff was arrested *prior to determining* the full extent of Ms. Salerno's potential injuries does not negate their probable cause for the arrest.  *See People v. Travis*, 266 A.D.2d 410, 411 (2d Dep't 1999) ("We note that the victim's deposition was taken at the police station within minutes of the incident, when she would not necessarily know what, if any, the lasting effects of her injuries would be"). The more crucial question is whether Plaintiff was justified in striking her.

The after-acquired video surveillance footage[2] submitted by Plaintiff amply demonstrates that Ms. Salerno struck him first, a fact that she omitted from her report to the officers, her sworn complaint, and her deposition testimony.  But the footage was not at the officers' disposal at the

---

[2] The footage, (*see* Pl. Ex. 1), appears to show: Plaintiff's neighbor, Mr. Salerno, leaving the Town meeting room and entering the lobby with his back to the door he exited from (20:53:33); Ms. Salerno entering the lobby (20:53:37); Ms. Salerno kicking Plaintiff in the skin or knee (20:53:38); and Plaintiff slapping or striking Ms. Salerno in response (20:53:39-40).  The timestamps referenced correspond with the stamp visible in the recording.

time of the arrest. Officers are not required to disprove all defenses first and then arrest, or to seek out potentially exculpatory, or incriminating, video footage prior to an arrest. *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) ("Although a better procedure may [be] for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him"). Rather, the relevant inquiry focuses on the information in the officers' possession. Here, that information provided sufficient probable cause for two arrests.

The officers were informed by Ms. Salerno that she had been struck. Giving Plaintiff all inferences in his favor, his wife then informed some of the officers on the scene that Ms. Salerno had kicked her husband, which is what provoked his responding slap.[3] Those officers should have informed the other officers as to the totality of the circumstances before coming to a decision about whether to arrest Plaintiff, Ms. Salerno, or both. Nevertheless, on the basis of that information alone, it is not readily apparent that Plaintiff was "us[ing] physical force upon another [Ms. Salerno] [] *to the extent he [] reasonably believe[d] [it was] necessary to defend himself* . . . from what he [] reasonably believe[d] to be [her] use or imminent use of unlawful physical force . . . ." N.Y. Penal Law § 35.15(1) (emphasis added); *Dankberg*, 91 A.D. at 70 (when considering a justification defense, "the guilt of the defendant must depend, not upon the result of the [defensive] blow, but upon the condition that existed when the blow was struck"). Based on the undisputed facts and drawing all inferences in favor of Plaintiff as the non-moving party, at the very least, reasonable police officers might have disagreed as to the whether Ms.

---

[3] The footage also appears to show Plaintiff's wife demonstrating the initial kick *twice* to different officers. Pl. Ex. 1 (20:59:50 & 21:06:22).

Salerno's kick "eliminate[d] probable cause" to arrest Plaintiff for his corresponding slap to Ms. Salerno.  *See Jocks*, 316 F.3d at 135.

"This is not a case, as in *Jocks v. Tavernier*, where the arresting officer witnessed the plaintiff's actions that gave rise to a self-defense claim and deliberately disregarded those facts before arresting the plaintiff."  *Deanda v. Hicks*, 137 F. Supp. 3d 543, 572 (S.D.N.Y. 2015); *see also Diop v. City of New York*, 50 F. Supp. 3d 411, 419-20 (S.D.N.Y. 2014) (because the officer should have considered whether the evidence at his disposal demonstrated the existence of a necessity defense justifying plaintiff's reckless driving and negating probable cause to arrest, the court could not, as a matter of law, find probable cause existed where the officer *saw* three individuals flee from the plaintiff's car after plaintiff indicated to the officer that he had been robbed).  Instead, the Officers were forced to base their decisions on the information at hand, and while it may be more prudent to arrest both attackers in similar situations, that does not invalidate the Officers' decision to arrest only one.

Because reasonable police officers might have disagreed as to whether probable cause existed in such a scenario, the Officer Defendants are entitled to qualified immunity with respect to Plaintiff's claim for false arrest, *see Lowth v. Town of Cheektowaga*, 82 F. 3d 563, 571 (2d Cir. 1996), and summary judgment must be granted in their favor on that basis.  *Compare Woo*, 649 F. Supp. 2d at 60 ("a reasonable fact-finder could determine that [the] defendant[s'] . . . postures upon the officers' arrival, plaintiff's visible injuries, the lack of any threat of immediate harm, and the presence of eyewitnesses eager to provide statements in plaintiff's favor were circumstances that called into doubt [one of the] defendant[']s version of events and required further investigation into whether probable cause to arrest plaintiff for assault was negated by the justification of self-defense"), *with Deanda*, 137 F. Supp. 3d at 572-73 (because "[the officer]

9

was not required to accept the explanations provided by [p]laintiff and her sister, viewed in the light most favorable to [p]laintiff, it cannot be said that [the officer's] 'judgment was so flawed that no reasonable officer would have made a similar choice' . . . entitl[ing] [the officer] to summary judgment as to the false arrest claim on qualified immunity grounds").[4] *See also Betts v. Shearman*, 751 F.3d 78, 83 (2d Cir. 2014).

In the absence of any viable independent claims against the Town, it must be dismissed from this action. Ms. Salerno's childish behavior, and patently false sworn statements, are certainly deplorable, but they speak to her culpability rather than the culpability of the Officers charged with keeping the peace.

## CONCLUSION

For the foregoing reasons, summary judgment in favor of Defendants John Herighty and Keira Knoesel is GRANTED. Defendant Town of Greenburgh is, therefore, dismissed. Plaintiff's cross-motion is necessarily DENIED. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 149 & 153, to enter judgment in favor of Defendants Herighty and Knoesel, and to close the case.

Dated: March 17, 2017
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[4] As there are no "facts in dispute that are material to a determination of reasonableness," summary judgment on qualified immunity grounds is appropriate. *Cf. Barksdale v. Colavita*, 506 F. App'x 82, 85 (2d Cir. 2012) (summary judgment inappropriate because the plaintiff's version of events contained no support for an inference that he intended to commit the crime for which he was charged).