UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MAROM,

                Plaintiff,

-against-

TOWN OF GREENBURGH, POLICE OFFICER
JOHN HERIGHTY, POLICE OFFICER KEIRA
KNOESEL, et al.

                Defendants.

MEMORANDUM & ORDER

No. 13 Civ. 4733 (NSR)

---

NELSON S. ROMÁN, United States District Judge

On March 17, 2017, this Court granted summary judgment in favor of Defendants on Plaintiff's remaining claims of false arrest and malicious prosecution. (ECF No. 160.) On March 28, 2017, Defendants sought the payment of costs associated with deposition transcripts, totaling $2,596.12, pursuant to Fed. R. Civ. P. 54(d). (ECF No. 162, Ex. 1.) On April 10, 2017, Plaintiff filed a motion for disallowance arguing primarily that, in the Court's discretion, the costs should be denied due to the "likelihood" that the costs had already been covered by the Town's insurance carrier and due to Plaintiff's *in forma pauperis* status. (ECF No. 164, ¶¶ 3, 5.) The Court directed Defendants to respond with ten business days and Plaintiff to reply to such response within seven business days thereafter. (*See* ECF No. 165.) Defendants submitted an opposition (ECF Nos. 168, 169), but Plaintiff did not submit a reply.

Federal Rule of Civil Procedure 54(d)(1) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/2017

items enumerated in 28 U.S.C. § 1920." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001). Pursuant to § 1920, "[a] judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts *necessarily* obtained for use in the case[.]" 28 U.S.C. § 1920(2) (emphasis added). More specifically, under this District's Local Rules, "[u]nless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at trial . . . [or] if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." *Citigroup Glob. Markets, Inc. v. Abbar*, 63 F. Supp. 3d 360, 361-62 (S.D.N.Y. 2014) (transcription costs allowed but not costs for deposition videos).

"[T]axing costs pursuant to Rule 54(d)(1), 28 U.S.C. § 1920, and Local Rule 54.1 in favor of the prevailing party is the rule, not the exception, in civil litigation." *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70-71 (S.D.N.Y. 2015) (citing *Whitfield*, 241 F.3d at 270). Therefore, it is well within the Court's discretion "to grant costs for any or all of the transcripts" claimed by the prevailing party. *See Balance Point*, 305 F.R.D. at 77 (declining to tax deposition costs where "none of the deposition transcripts at issue were used on any actual motion or response to a motion"); *see also Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) ("[t]he decision to award costs pursuant to Rule 54(d)(1) and Local Rule 54.1 rests within the sound discretion of the district court").

"'[T]he losing party has the burden to show that costs should not be imposed' and, '[i]n light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so.'" *Balance Point*, 305 F.R.D. at 70-71 (citing *Whitfield*, 241 F.3d at 270). "Among the equitable factors a court may consider in exercising discretion are the plaintiff's indigence and financial hardship." *Burchette v. Abercrombie & Fitch Stores, Inc.*, No.

08 Civ. 8786 (RMB) (THK), 2010 WL 3720834, at *4 (S.D.N.Y. Sept. 22, 2010). But "*in forma pauperis* status does not automatically excuse [a plaintiff] from paying costs." *Cucuta v. N.Y. City*, 25 F. Supp. 3d 400, 420 (S.D.N.Y. 2014).

Here, considering the arguments set forth by the parties, costs will be allowed. Plaintiff's case was not frivolous, but he ultimately did not prevail. Although the Court did not need to rely on much more than the videotape of the events at issue to understand how the events unfolded, the deposition transcripts were submitted in conjunction with the Defendants' successful motion for summary judgment. Defendants also make a strong showing that Plaintiff is not truly indigent or necessarily deserving of *in forma pauperis* status. As such the balance of the equities leads the Court to the conclusion that the costs are appropriately taxed against Plaintiff. Nevertheless, in exercising the Court's equitable power, the costs requested will be reduced by half. *Cf. DiBella v. Hopkins*, 407 F. Supp. 2d 537, 541 (S.D.N.Y. 2005) (costs for deposition used at trial allowed where witness "played a role generally in the events that led to the dispute, and his testimony provided some useful background"). The Clerk of the Court is respectfully directed to enter a judgment of costs against Plaintiff in favor of Defendants in the amount of $1,298.06 and to terminate the motion at ECF No. 164.

Dated: May 10, 2017
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge