UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MAROM,

                      Plaintiff,

-against-

TOWN OF GREENBURGH, POLICE OFFICER
JOHN HERIGHTY, POLICE OFFICER KEIRA
KNOESEL, et al.

                      Defendants.

OPINION AND ORDER

13 CV 4733 (NSR)

---

NELSON S. ROMÁN, United States District Judge:

Michael Marom, *pro se* Plaintiff ("Marom" or "Plaintiff"), commenced this action against Defendants asserting claims, *inter alia,* under 42 U.S.C. § 1983, alleging he was unlawfully arrested, detained and criminally prosecuted. By order dated August 7, 2013, Plaintiff was granted *in forma pauperis* status (Doc. No. 3). Defendants moves to revoke Plaintiff's *in forma pauperis* status on the basis Plaintiff did not fully and truthfully disclose his finances in his supporting financial affidavit ("financial affidavit") (Doc. No. 183). For the following reasons, Defendants' motion is GRANTED.

28 U.S.C. § 1915(1)(a) provides, in relevant part, that any court of the United States may authorize the commencement and prosecution of a civil suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets such person possesses and demonstrates an inability to pay the requisite fees. *In forma pauperis* status is not a constitutional right but rather a statutorily created benefit to assist those who lack the financial resources to access the courts. *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)). A litigant seeking *in forma pauperis*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/2017

status need not demonstrate "absolute destitution" to qualify. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). The court may rescind or revoke the *in forma pauperis* status that it previously bestowed upon a plaintiff, if the court discovers that the status had been improvidently granted. *Welch v. Charlan*, No. 9:06-CV-0061 (GTS/DEP), 2008 WL 5382353, at *1 (N.D.N.Y. Dec. 16, 2008). Whether to grant or deny *in forma pauperis* status rests within the sound discretion of the court. *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984) (citing *United States v. Jeff-Lewis Savings & Loan Association*, 530 F.Supp. 623, 628 (N.D.N.Y. 1982)), *aff'd*, 788 F.2d 1 (2d Cir. 1985); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974), *cert. denied*, 419 U.S. 1090 (1974).

Defendants seek a court order revoking Plaintiff's *in forma pauperis* status on the basis that Marom did not disclose all of his financial assets. In particular, Defendants assert that Marom failed to disclose that he and his wife jointly own a home located at 2574 Central Avenue, Baldwin, NY ("the Baldwin Property") and realty located at 11 Elizabeth Street, Greenburgh, NY ("the Greenburgh Property"). Defendants assert Marom misled the court by failing to disclose the amount of equity he held or accumulated in his properties. Additionally, Defendants infer that Marom minimized his position and earnings as an employee of MM Telcom Corp., located at 2574 Central Avenue, Baldwin, NY (same address as his residence).

In support of their application, Defendants submit the affidavit of Ellen Franzese ("Franzese"), a paralegal, who conducted a search of municipal records. Her search revealed Plaintiff owns two properties: the Baldwin Property and the Greenburgh Property.[1] The Fair

---

[1] According to Franzese, the Greenburgh Property, 11 Elizabeth Street, Greenburgh, NY, is also known as 201 South Healy Avenue, Scarsdale (Town of Greenburgh), NY. The property is located at the intersection of South Healey and Elizabeth Street.

Market Value Assessment for the Baldwin Property is $343,600.00 and the Greenburgh Property is $480,000.00. There is no recorded mortgage on the Greenburgh Property but it has a $25,707.40 tax lien. The Baldwin Property has a recorded mortgage lien in the amount of $354,750.00 and a $35,724.75 tax lien.

Plaintiff asserts that he did not make any material misrepresentation in his financial affidavit which warrants granting Defendants' request. Marom avers he correctly revealed that he owned a home, referring to the Baldwin Property, which was "FULLY MORTGAGED" (meaning 80% of its purchase price was mortgaged), and that such representation is consistent with the information he previously provided. He acknowledges owning the Greenburgh Property, but provides no explanation for not including it in his financial affidavit. Marom, however, does aver that construction on the Greenburgh Property "halted in 2013," causing it to be a liability because he has to pay taxes. The Greenburgh Property was purportedly appraised for $828,800.00 "as completed and not as in the current uncompleted status." Lastly, Marom avers his financial situation has only worsened since he prepared the financial affidavit in July 2013. His current debts are in excess of $300,000.00. In the past twelve months, his household income was $11,163.30 (or $930.28 per month).

A review of Plaintiff's financial affidavit reveals he purportedly earned no ("0") income from his position[2] at MM Telcom Corp., that he received $27,400.00 from family members within the past twelve months of his application, and his home was purportedly fully mortgaged in the amount of $440,000.00. The Court agrees with Defendants that Marom's affidavit fails to

---

[2] Defense counsel suggest that Plaintiff is the President of MM Telcom Corporation but provides no proof to support its contention.

adequately and fully disclose his finances. The document makes no mention of the Greenburgh Property, which appears to have considerable value, and makes no mention of any equity he accumulated on the two properties. Of significance, Plaintiff now represents that the actual outstanding mortgage debt on the Baldwin Property is less than he represented to the court.

In *Mathis v. New York Life Ins. Co.*, 133 F.3d 546 (7th Cir. 1997), the circuit court upheld the district court's revocation of *in forma pauperis* status and dismissal of the complaint as a sanction for the plaintiff's intentional misrepresentation of his financial status. Plaintiff's failure to disclose that he owned a home with approximately $14,00.00 of equity and that he was previously represented by appointed counsel, were deemed "intentional misrepresentations" warranting such sanctions. *Id.* at 547. The court found plaintiff's explanation, that he did not own the house "free and clear," and that he misunderstood the questions regarding legal counsel, lacking in credibility and unpersuasive. *Id.*

The Court determines that Plaintiff's financial affidavit failed to adequately and fully disclose his finances and that such failure was intentional. Plaintiff does not provide an explanation for not including the Greenburgh Property in his financial affidavit. Although in the opposition to the instant motion Plaintiff acknowledges that he owns the Greenbugh Property, he provides no assessment of the current value of the property. His representation that construction on the property has yet to be completed, begs the question. Similarly, his conclusory statement that it "became a liability rather than an equity asset" fails to provide sufficient information for the Court to make an informed decision regarding Plaintiff's finances such that *in forma pauperis* status should not be revoked. Based on Plaintiff's lack of candor and his intentional withholding of relevant financial information, Plaintiff's *in forma pauperis* status must be

revoked. This revocation is without prejudice to renew. Plaintiff is referred to 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure.

## CONCLUSION

Based on the foregoing, Defendants' motion is granted. Plaintiff's *in forma pauper* is status is deemed revoked, without prejudice to renew. The Clerk of Court is respectfully directed to terminate the motion at Doc. No. 183. This constitutes the Court's Opinion and Order.

Dated: October 11, 2015  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge